IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JUAN QUINTANILLA-SERRANO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 113-077 |
| ) | (Formerly CR 109-140) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate confined to federal custody at the Bureau of Immigration and Customs Enforcement in Chicago, Illinois, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

**I.     BACKGROUND**

On December 21, 2009, Petitioner pleaded guilty to one count of re-entry of a removed alien in violation of 18 U.S.C. § 1326. United States v. Quintanilla-Serrano, CR 109-140, doc. nos. 1, 20, 21 (hereinafter "CR 109-140"). On April 13, 2010, the Honorable J. Randal Hall, United States District Judge, sentenced Petitioner to a 51-month term of

imprisonment. Id., doc. no. 24. On April 16, 2010, Petitioner filed a notice of appeal, and on December 1, 2010, the Eleventh Circuit granted appellate counsel's motion to withdraw from representation of Petitioner and affirmed Petitioner's conviction and sentence. Id., doc. nos. 26, 46; United States v. Quintanilla-Serrano, 404 F. App'x 352 (11th Cir. 2010) (*per curiam*).

Petitioner did not again attempt to challenge his conviction and sentence until April 25, 2013, when he filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 in the Southern District of Illinois. Quintanilla-Serrano v. Cross, CV 313-0399, doc. no. 1 (S.D. Ill. Apr. 25, 2013). On May 3, 2013, the Honorable David R. Herndon, United States Chief District Judge, dismissed the petition as improper under § 2241, explaining that Petitioner sought to challenge his federal conviction for illegal re-entry and that such challenges are properly brought pursuant to § 2255. See id., doc. no. 6.

Petitioner subsequently submitted the instant motion, which was signed on May 9, 2013, and docketed by the Clerk of Court on May 14, 2013. (See doc. no. 1, p. 20.) In his motion, Petitioner alleges that he received ineffective assistance of appellate counsel based on appellate counsel's failure to explain to Petitioner the nature of the Anders brief that he filed with the Eleventh Circuit; to provide Petitioner with an interpreter; and to raise various claims on appeal. (Id. at 6-12.)

II. **DISCUSSION**

28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions. According to the AEDPA, the statute of limitations period shall run from the latest of four

2

possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Following the conclusion of Petitioner's direct appeal on December 1, 2010, he did not petition the Supreme Court for a writ of certiorari within the ninety-day time limit set by United States Supreme Court Rule 13(1). Therefore, Petitioner's conviction and sentence became final in early March of 2011. See Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) ("[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.") (citing Clay v. United States, 537 U.S. 522, 525 (2003)); Kaufmann v. United States, 282 F.3d 1336, 1337-38 (11th Cir. 2002). Assuming Petitioner's AEDPA clock began running in early March of 2011, the instant motion, filed more than two years later, is untimely.

Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline if a petitioner can "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408,

418 (2005)). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson, 340 F.3d at 1226. The petitioner bears the burden of proving his entitlement to equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

In an attempt to prove that equitable tolling is warranted, Petitioner asserts that, for a period of over four years, he has somehow remained unaware of the fact that he did not actually have a § 2255 motion pending in federal court. (Doc. no. 1, pp. 4-5.) That assertion standing alone contradicts any attempted showing of diligence. Moreover, Judge Hall specifically told Petitioner on two separate occasions – in April of 2011 and January of 2012 – that his requests for sentencing transcripts were premature because he had not yet filed a § 2255 motion. See CR 109-140, doc. no. 49, pp. 2-3; doc. no. 52, pp. 3-4. Petitioner claims that his appellate counsel "stated he was going to file 28 U.S.C. § 2255 and never did." (Doc. no. 1, p. 4.) Appellate counsel purportedly told Petitioner that he had filed a § 2255 motion when in fact he had not and claimed that the Court had yet to rule on it. (Id. at 4-5.) This supposed lie allegedly persisted for a period of fifty-one months before Petitioner purportedly discovered that his appellate counsel had never filed the motion. (Id.)

Petitioner's unlikely story, even if true, does not embody the "truly extraordinary circumstances" that must be shown in order to justify equitable tolling. Johnson, 340 F.3d at 1226. By Petitioner's own account, he did nothing for four years and merely trusted his

4

counsel's oral representation that a § 2255 motion had been filed without ever seeing the actual motion or inquiring when the Court did not enter a prompt ruling. (See generally doc. no. 1.) Nowhere has Petitioner exhibited any sort of diligent pursuit of his rights nor faced any "extraordinary circumstances" that somehow prevented him from timely filing the instant motion. Lawrence v. Florida, 549 U.S. at 336; cf. Downs v. McNeil, 520 F.3d 1311, 1324 (11th Cir. 2008) (finding that equitable tolling was appropriate where the "egregious misconduct of [petitioner's] lawyers was not of a kind [petitioner] could immediately ascertain" and petitioner "did his best to remain informed of the status" of his proceedings).[1]

Finally, the Court notes that consideration of an otherwise untimely petition for federal habeas relief may be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has resulted in the conviction of someone who is actually innocent." Murray v. Carrier, 477 U.S. 478, 495-96 (1985); see also Wyzykowski v. Dep't of Corrs., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a petitioner seeking to invoke it must "show that it is more likely than not that no reasonable juror would have convicted him." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "In addition, 'to be credible, a claim of actual innocence must be based on reliable evidence not presented at trial.'" Id. (quoting Calderon v. Thompson, 523 U.S. 538,

---

[1] As to Petitioner's tangential arguments concerning his difficulties with speaking and writing in English (doc. no. 1, pp. 6-10), the Court finds those arguments similarly unpersuasive. Whatever the extent of his difficulties with the language might be, the record makes abundantly clear that Petitioner has successfully participated in entirely functional communications with the Court since September of 2009. See CR 109-140. In short, such a contention also fails to present "truly extraordinary circumstances" that might justify equitable tolling. Lawrence v. Florida, 549 U.S. at 336.

5

559 (1998)).

Here, Petitioner has not presented any evidence whatsoever – much less new evidence – to suggest that he did not commit the offenses to which he pleaded guilty such that no reasonable juror would have convicted him. Therefore, the actual innocence exception does not save the instant petition from being time-barred under the AEDPA.

In sum, Petitioner has offered no reason to suggest that the AEDPA statute of limitations began to run or was reset at any point within the one-year period preceding the filing of his § 2255 motion. Moreover, Petitioner has not satisfied the requirements for equitable tolling, and he has not presented any arguments sufficient to support a claim of actual innocence. Accordingly, the instant motion is time-barred under the AEDPA's one-year statute of limitations.

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court **FINDS** that Petitioner's motion is time-barred by the applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 20th day of June, 2013, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE